<hr/>

## COLLINS *v.* STATE.

[65 South. 645.]

INTOXICATING LIQUORS.  *Offenses.  "Keep for sale."*
   The two Acts, Code 1906, section 1746, as amended by Acts 1908,
   chapter 115, making it unlawful to "keep for sale" intoxicating
   liquors, and Code 1906, section 1797, as amended by laws 1908,
   chapter 114, making it unlawful "to have in possession" any· in-
   toxicating liquors with the intention of selling, create separate
   and distinct offenses, and proof of possession with intent to sell,
   without more is not sufficient to support a conviction under the
   former act; to "keep for sale" meaning to habitually have on
   hand.

APPEAL from the circuit court of Yazoo county.
HON. W. A. HENRY, Judge.

Clarissa Collins was convicted of keeping intoxicating liquors for sale and appeals.

The facts are fully stated in the opinion of the court.

*Holmes & Holmes,* for appellant.

Under the statutes of this state the legislature has seen fit to create two separate and distinct offenses as regards the having of liquor for sale. It is one offense to have liquor in one's possession with the intention and for the purpose of selling it, etc., as amended by chapter 114, page 115 of the Laws of 1908, which is as follows: "It shall be unlawful for any person in this state to have in his possession any intoxicating liquors with the intention or for the purpose of selling the same or giving in violation of law. Anyone violating this section shall, upon conviction for each offense, be punished by a fine of not less than ten dollars, nor more than one hundred dollars, or be imprisoned in the county jail not exceeding thirty days, or by both such fine and imprisonment."

It is another offense to "keep for sale, etc.," intoxicating liquors, as prescribed in section 1746, of the Code of 1906, as amended by chapter 115, of the Laws of 1908, which is as follows: "If any person shall sell, or barter or give away to induce trade, any vinous liquors, such person, shall, on conviction, be fined not less than fifty dollars nor more than five hundred dollars, or be imprisoned in the county jail not less than one week, or more than three months, or both, but in no case of conviction, of any person, of any offense, under this section committed after a conviction and punishment for a former offense hereunder, shall the punishment be less than a fine of one hundred dollars, nor more than provided in this section, or imprisonment in the county jail for not less than sixty days, nor more than six months, or both, in the discretion of the court."

It might be true that one who is guilty under the latter statute would also be guilty under the former statute,

but it is not necessarily true at all that because one is guilty under the former statute, he is also guilty under the latter. One might be guilty of having in one instance, liquor in his possession, for sale, but he would not necessarily be guilty of the offense of keeping liquor for sale. For instance, A gives B a pint of liquor and request that he go out and endeavor to sell the same. B consents to do so, and takes possession of the pint of liquor for this purpose. Before he finds a purchaser, however, he is intercepted by the officers, and the liquor taken from him. On these facts B might be convicted of having liquor taken from him; again, he might be convicted of having liquor in his possession with the intention of selling it, but the facts would not be sufficient to sustain a charge of "keeping" liquor for sale. The two offenses are separate and distinct, and the legislature, in its commendable endeavor to destroy the liquor traffic, no doubt had in mind the distinction between the two offenses when it enacted these statutes. One was regarded by the legislature as a graver offense than the other, and accordingly a graver penalty was fixed for the offense of "keeping" liquor for sale. It can be readily observed that less proof would be required to convict on a charge for unlawfully having in one's possession than would be required on a charge for unlawfully keeping liquor for sale. To "keep for sale" implies more than the mere having in possession. The Century Dictionary, among the definitions of keep, gives the following: "To have habitually in attendance or use; to have habitually in stock or for sale; to maintain habitually." "Keep" involves the idea of continuity of habit. *Easley Town Counsel* v. *Pegg* (S. C.), 41 S. E. 18, *et seq.; State Insurance Co. of Nashville* v. *Hughes,* 78 Tenn. (10 Lea), 461, 469.

With this distinction in mind, we respectfully direct the court's attention to the one instruction granted to the state, which is as follows, to wit: "The court instructs the jury for the state that if you believe from the evi-

dence beyond a reasonable doubt that the defendant, Clarissa Collins, had beer in her possession for sale at the time of the raids upon her house by policemen Lynch, Goodwin and Underwood, then it is your sworn duty to find the defendant as charged.''

It will be readily noted that this instruction was predicated on a prosecution for the violation of section 1797, *supra,* which makes it unlawful to have intoxicating liquors in possession, etc. The appellant was not being tried for this offense, which requires less proof to convict. She was being tried for the offense of keeping liquors for sale, which requires a much greater degree of proof. The instruction confines the issue to the one occasion when Goodin, Lynch and Underwood made the raid. This was August 6th, as shown by the proof. Under the instruction the jury were justified in convicting if they believed that appellant, on this particular occasion, had liquor in her possession for sale, even though they may not have believed that she kept liquors for sale as charged in the indictment. It was just as if the trial judge had told this jury: ''There are two offenses under the laws of the state of Mississippi. One is to unlawfully have intoxicating liquors in your possession, etc.; the other is to keep for sale liquors, etc. This defendant is being tried for keeping liquors for sale. But if you believe she had in her possession liquors for sale on the date in question, it is your sworn duty to convict, even though you do not believe she is guilty of the offense of keeping liquors for sale.

Appellant was not being tried on the offense upon which this instruction was predicated. The jury received absolutely no instruction on the charge for which she was tried. The jury might have believed that appellant had liquor in her possession for sale on August the 6th, but they might have believed that she was guilty of the graver offense of keeping liquor for sale. The offense on which the jury were instructed required less proof to convict

than the offense on which appellant was being tried, and the jury were authorzied to convict, even though they may not have thought the proof sufficient for the graver offense. The instruction was fatally erroneous, and because it was granted, this case should be reversed. The case must be reversed unless this court hold that there is absolutely no distinction between the two statutes in question, and that the legislature, by the enactment of these two statutes, did not intend to create two separate and distinct offenses.

In this connection it might be well to observe that at the time of the enactment by the legislature of section 1797, *supra,* the other section, to-wit, section 1746, *supra,* was in force and effect, and both sections have since remained in force and effect.

*Ross A. Collins,* for appellee.

The third contention of counsel for the appellant is without any merit whatever. It is clear that the appellant is charged with keeping for sale intoxicating liquors and that the indictment is based upon section 1746 of the Code of 1906, as amended by chapter 115, of the Laws of 1908, which makes it unlawful to keep for sale intoxicating liquors. The instruction for the state charges the jury that if they believe from the evidence, beyond a reasonable doubt, that this appellant "had beer in her premises" for sale at the time of the raid, that they should find her guilty. It is impossible to see how the phrase "had in her premises for sale" could have been construed by the jury in any other light than that she kept beer for sale. While the language is not identically the same the meaning is practically the same, for if the appellant had beer in her premises for sale she was surely keeping it for sale. This court has held in the recent case of *Jackson* v. *State,* 65 So. 123, advanced sheet of June 13, 1914, that proof of possession without proof evidencing the purpose of selling is not sufficient to support a conviction.

In this case, however, there is not only proof of the possession, but the testimony shows, that there were two white men at the house of the appellant early one morning, one of them being drunk; that there were cold bottles of beer in the house, and that the appellant made the following statements to the Mexican and negro: "You have paid for this one, who is going to pay for the other one?" Also the testimony shows that she cursed them and told them if they did not want to pay for the beer to get out of her house. This conversation had the full effect of a confession on the part of the appellant, that she had sold beer and that it was her intention and purpose to sell beer.

I respectfully submit that the case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The indictment upon which appellant was convicted charged that she "did . . . keep for sale . . . intoxicating liquors." There was a verdict of "guilty as charged," and appellant was fined the sum of two hundred and fifty dollars and sentenced to imprisonment in the county jail for a period of ninety days. The evidence disclosed that her residence had been raided on several occasions, months apart, by the police; intoxicating liquor being found there on some of these occasions and not on others.

The only instruction granted at the request of the state was as follows:

"The court instructs the jury for the state that, if you believe from the evidence beyond a reasonable doubt that the defendant, Clarissa Collins, had beer in her possession for sale at the time of the raid upon her house by policemen Lynch, Goodin, and Underwood, then it is your sworn duty to find the defendant guilty as charged."

Section 1746 of the Code of 1906, as amended by chapter 115 of the Acts of 1908 and by chapter 214 of the Acts of 1912, makes it unlawful to "keep for sale . . .

intoxicating liquors,'' and provides that any person so doing shall, on conviction, be punished ''by a fine of not less than fifty dollars nor more than five hundred dollars, or to be imprisoned in the county jail not less than one week nor more than three months, or both, for the first conviction for an offense committed after the passage of this act,'' and then for an increased punishment upon conviction for a second and third offense. Section 1797 of the Code of 1906, as amended by chapter 114 of the Laws of 1908, provides that:

''It shall be unlawful for any person in this state to have in his possession any intoxicating liquors with the intention or for the purpose of selling the same . . . in violation of law.''

And:

''Any one violating this section shall, upon conviction for each offense, be punished by a fine not less than ten dollars nor more than one hundred dollars, or be imprisoned in the county jail not exceeding thirty days or by both such fine and imprisonment.''

These two sections appear in the same Code and, when re-enacted in 1908, were both approved on the same day. It seems clear, therefore, that the legislature intended by them to create separate and distinct offenses and not to repeal one of them by enacting the other. To say that a person keeps an article for sale seems to involve the idea that he does so habitually; one of the definitions of the word ''keep'' being ''to have habitually in stock or for sale.'' Century Dictionary, vol. 5. The illustration there given of the use of this word in this sense is taken from Hawthorne's ''House of the Seven Gables,'' and is as follows:

''A . . . house wife of the neighborhood burst breathless into the shop, fiercely demanding yeast; . . . the poor gentlewoman with her cold shyness of manner, gave her hot customer to understand that she did not *keep* the article.''

107 Miss. 40

It may be that the legislature had this definition of the word "keep" in mind in framing these two statutes. At all events they have attached one punishment to the keeping of intoxicating liquor for sale and another to merely having such liquor "in possession" for the purpose of sale. Under the latter section, as illustrated by counsel, if A. gives to B. a pint of whisky with the request that he sell it, and B. is arrested before effecting a sale thereof, he is guilty of having intoxicating liquor in his possession with the intention of selling it, but not of keeping it for sale.

It seems, therefore, that under these statute proof of the possession of intoxicating liquor with intent to sell it without more is not sufficient to support a conviction for keeping such liquor for sale. In the case at bar the jury might have believed that, at the time her house was raided on the occasion in question, appellant then had intoxicating liquor in her possession with the intention of selling it, but that she did not keep it for sale. The instruction complained of should therefore not have been granted, and for that reason the judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*